UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA LEASA MARIE GOBBIN,<br><br>Plaintiff,<br><br>v.<br><br>MARIN COUNTY SHERIFF'S DEPARTMENT PROBATION ENFORCEMENT UNIT (COPE), et al.,<br><br>Defendants. | Case No.  22-cv-06011-JSC<br><br>**ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. No. 11 |

Plaintiff Gina Leasa Marie Gobbin, who is representing herself, filed this civil rights action against the Marin County Sheriff's Department Probation Enforcement Unit, Marin County Sheriff's Department Specialized Investigation Unit, and Marin County District Attorney's Office. On December 16, 2022, Defendants filed a motion to dismiss this action and the case was reassigned to the undersigned judge. (Dkt. Nos. 6, 7, 8.[1]) The Court thereafter advised Ms. Gobbin that her response to the pending motion to dismiss was due January 17, 2023, and reset the hearing date on the motion to dismiss to February 2, 2023. (Dkt. No. 9.)  Ms. Gobbin did not file a response and the Court issued an Order to Show Cause as to why this action should not be dismissed for failure to prosecute.  (Dkt. No. 11.)  Ms. Gobbin was warned that the failure to respond to the Court's Order could result in the dismissal of the action without further notice.  Ms. Gobbin did not respond to the Court's Order and the time to do so has run.

**DISCUSSION**

Under Federal Rule of Civil Procedure 41(b), a court may involuntarily dismiss an action if the

---
[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

plaintiff fails to prosecute or fails to comply with a rule or court order. *See* Fed. R. Civ. P. 41(b); *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

> Courts are to weigh five factors in deciding whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. These factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do.

*In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (cleaned up). The factors apply equally to deciding whether to dismiss for failure to prosecute. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

The balance of factors favors dismissal. First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Second, Ms. Gobbin's failure to prosecute has "caused the action to come to a complete halt," which prevents the Court from controlling the pace of its own docket. *Id.* (cleaned up). Third, although Defendants are not prejudiced just because the lawsuit is pending, they are at risk of prejudice from ongoing, unjustified delays; thus, this factor slightly favors dismissal. *See id.* at 990–91. Fourth, the public policy in favor of resolving cases on their merits weighs against dismissal. Fifth, the Court used less drastic measures by issuing a written order that (1) required Ms.Gobbin to show cause in writing why her case should not be dismissed for failure to prosecute and (2) warned that failure to comply could result in dismissal. *See Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992) ("The district judge has an obligation to warn the plaintiff that dismissal is imminent."); *see, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), as amended (May 22, 1992) (noting that order clearly explained what plaintiff needed to do and reiterated that failure to comply would result in dismissal). Since filing this action, Ms. Gobbin has not appeared, filed anything, or otherwise communicated with the Court.

Accordingly, the balance of factors favors dismissal.

## CONCLUSION

This case is DISMISSED for failure to prosecute. *See* Fed. R. Civ. P. 41(b). The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 9, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge